UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY J. DEGIROLAMO, <br> CHAPTER 7 TRUSTEE, | CASE NO. 5:11MC41 <br> BANKRUPTCY CASE NO. 08-61618 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| DAILY & HASKINS, et al., | OPINION AND ORDER |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #1) to Withdraw Reference in Adversary Proceeding No.11-6007, filed by Defendants, Daily & Haskins, Daily & Freeman, John A. Daily, Thomas F. Haskins, Jr., Sidney Freeman, and Ken Alan Fickey. For the following reasons, the Motion to Withdraw Bankruptcy Reference is denied, and the captioned miscellaneous case is removed from this Court's active docket.

## I. FACTUAL BACKGROUND

On February 3, 2011, Anthony J. Degirolamo, the Chapter 7 Trustee of the bankruptcy estate of debtors, Lawrence Wittmer, Sr., et al., filed a lawsuit against Defendants, alleging legal malpractice and negligence, resulting in the denial of the debtors' discharges, and causing damage to the bankruptcy estate. Defendant Freeman filed a Motion for More Definite Statement on March 17, 2011. The other Defendants filed their Answers on March 10, 2011, *inter alia*, demanding a jury trial, denying this matter is a core proceeding, and refusing their consent to the jurisdiction of the Bankruptcy Court to hear this claim.

## II. LAW AND ANALYSIS

### 28 U.S.C. § 157

28 U.S.C. § 157(d) of the Bankruptcy Code authorizes the District Court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In the instant matter, no party has demonstrated the factors requiring mandatory withdrawal; therefore, withdrawal of the reference is discretionary and dependent upon a showing of cause. Neither the Bankruptcy Code nor the Sixth Circuit has defined "cause." However, courts have formulated a non-exhaustive list of factors for the District Court to consider, including judicial economy; uniformity in bankruptcy administration; reducing forum-shopping and confusion; conserving debtor and creditor resources; expediting the bankruptcy process; whether jury trial has been requested; and whether the proceeding is core or non-core. *See Oasis Corp. v. Burrows*, 2008 WL 2473496, *1 (S.D.Ohio June 18, 2008); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Group)*, 4 F.3d 1095, 1101-02 (2nd Cir. 1993). The moving party bears the burden of demonstrating that the reference should be withdrawn. *In re Michigan Real Estate Ins. Trust*, 87 B.R. 447 (E.D.Mich.1988); *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996).

Defendants assert essentially three arguments in support of the Motion to Withdraw the Bankruptcy Reference. First, Defendants insist the issues raised in the Adversary Proceeding are not core proceedings as contemplated by 28 U.S.C. § 157. Second, Defendants contend that they are entitled to a jury trial under the Seventh Amendment of the

United States Constitution, that they have made a jury demand; and that they do not consent to a jury trial in the Bankruptcy Court. Third, Defendants argue judicial economy favors the immediate transfer of the Adversary Proceeding to the District Court.

### Core or Non-Core Proceeding

Pursuant to 28 U.S.C. § 157(b)(3), "[t]he bankruptcy judge *shall* determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." (Emphasis added). "The question of whether a proceeding is core or non-core is appropriately decided by the bankruptcy court, and it is a central question to the determination of a motion to withdraw reference." *Messinger v. Chubb Group of Ins. Cos.*, Case No.1:06mc121, 2007 WL 1466835 at *2 (N.D.Ohio May 16, 2007).

The Bankruptcy Court has not expressly declared whether this Adversary Proceeding is core or non-core. Thus, Defendants' Motion to Withdraw Reference is untimely and premature.

### Judicial Economy and Uniformity in Bankruptcy Administration

Even assuming the proceeding is non-core, and Defendants have the right to a jury trial on the claims asserted against them in the Adversary Complaint, the withdrawal is still inappropriate because the litigation of the Adversary Proceeding is in its early stages and is not "trial-ready." *In re Enron Corp.*, 318 B.R. 273, 275 (S.D.N.Y. 2004). As noted earlier, a motion for definite statement is pending. An Initial Pretrial was scheduled, but never

conducted. Fact and expert discovery and dispositive motion deadlines were never set. The Bankruptcy Court is in a superior position to manage and handle these pre-trial proceedings.

Considerable time, effort and resources would need to be marshaled to familiarize the District Court with the issues raised in this seven-count malpractice Complaint. On the other hand, the Bankruptcy Court is fully acquainted with the parties, claims and proceedings since the Petition was filed on May 15, 2008. It would not serve the parties, the two tribunals, nor judicial economy, in general, to wrench the contested matter from the Bankruptcy Court at this time.

### III. CONCLUSION

Defendants have not met their burden of demonstrating the reference should be withdrawn. Because the Bankruptcy Court has never determined whether the Adversary Proceeding is core or non-core; because the matter is not "trial-ready;" and because the policies of judicial economy and bankruptcy administration militate against withdrawal, Defendants' Motion to Withdraw Reference in Adversary Proceeding No.11-6007 is untimely, premature, and therefore, denied.

IT IS SO ORDERED.

DATE: July 20, 2011

                                           S/Christopher A. Boyko
                                           **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**