The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| LAWRENCE WITTMER, SR. and NIOMA WITTMER, et al., | CASE NO. 08-61618 |
| | JOINTLY ADMINISTERED |
| Debtors. | ADV. NO. 11-6007 |
| ANTHONY J. DEGIROLAMO, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | |
| DAILY & HASKINS, et al., | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| Defendants. | |

Now before the court is Defendants' motion for determination of whether the Trustee can waive the attorney-client privilege of individual debtors.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). *See, e.g.*, Meyer v. Young Conaway Stargatt & Taylor LLP, No. 1:CV 10-540-BLW, 2011 U.S. Dist. LEXIS 35947, at 4-6 (Idaho Mar. 31, 2011) (28 U.S.C. § 157(b)(2)(A)); In re SPI Communications, 112 B.R. 507, 510-11 (Bankr. N.D.N.Y. 1990) (28 U.S.C. § 157(b)(2)(A) and (O)); *accord* Baker v. Simpson, 613 F.3d 346, 350 (2d Cir. 2010) (discussing that a malpractice action is a core bankruptcy proceeding if the controversy revolves around the bankruptcy and is not merely related to bankruptcy).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

On October 17, 2011, Defendants filed a motion for determination of whether the Trustee can waive the attorney-client privilege of individual debtors. The Trustee filed a memorandum in opposition to the motion and a request for determination that the Trustee may waive the debtors' attorney-client privilege or, alternatively, that privilege has already been waived by debtors on October 31, 2011. Defendants then filed, on November 7, 2011, a reply in support of their motion.

By way of background, the Trustee filed this adversary proceeding alleging legal malpractice against the Defendants on the basis that the Defendants' legal services and advice to the debtors fell below the applicable standard of care. In order to proceed with the adversary proceeding, the Trustee seeks to discover information from the Defendants which the Defendants assert is subject to attorney-client privilege. As a means to obtain this information, the Trustee asserts that he holds the rights to the debtors' attorney-client privilege and waives such privilege.

Defendants assert that the Trustee's waiver of the debtors' attorney-client privilege is not proper because the debtors have not waived the privilege themselves. Further, Defendants argue that while bankruptcy trustees may be able to waive the privilege, whether trustees have the power to do so must be determined on a case-by-case basis.

Defendants set forth several reasons against granting the Trustee the power to waive the privilege in this instance. First, Defendants point out that the debtors currently have an on-going relationship with the Defendants. Allowing the Trustee to waive the attorney-client privilege would render the Defendants "unable to freely communicate" with the debtors and "fulfill their duties to zealously represent their clients." Second, Defendants argue that allowing the Trustee to waive the privilege would grant the Trustee access to pre- and post-petition communications between the debtors and Defendants, which runs contra to the Bankruptcy Code that grants the Trustee only those rights necessary to fulfill his duties. In essence, Defendants argue that granting the Trustee the power to waive the debtors' attorney-client privilege may result in the unnecessary disclosure of privileged information.

The Trustee agrees with the Defendants that courts determine whether a trustee can waive the attorney-client privilege on a case-by-case basis. The Trustee's argument diverges from the Defendants' argument because he argues that, under the appropriate analysis, he should have the power to waive the privilege in the instant matter. First, the Trustee notes that he is not seeking to use the alleged privileged information against the debtors, but rather to benefit the debtors. Second, the Trustee argues that much of the alleged privileged information sought relates to the debtors' schedules and statement of financial affairs, which is not confidential nor privileged information.

Alternatively, the Trustee argues that the debtors already waived the attorney-client privilege by way of the court's determination, by way of an order dated February 19, 2010, that the debtors' inaction and non-responsiveness constitutes an effective waiver of attorney-client privilege. Finally, the Trustee asserts that the Defendants' concerns regarding future communications with the debtors and potential exposure to civil and disciplinary proceedings are irrelevant.

## LAW AND ANALYSIS

The issue arising in this matter is whether the Trustee can waive the debtors'

2

attorney-client privilege with the Defendants. Outside of bankruptcy, it is well-settled that only the client holds the attorney-client privilege. Moore v. Eason (In re Bazemore), 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998). Once a debtor files a bankruptcy petition, "the relationship between an attorney and his client changes as the Bankruptcy Code provides for the appointment of a Trustee who succeeds to many of the interests of the debtor." In re Miller, 247 B.R. 704, 708 (Bankr. N.D. Ohio 2000) (citing Gresk v. Brown (In re Brown), 227 B.R. 875, 879 (Bankr. S.D. Ind. 1998)).

In the case of corporate debtors, the Supreme Court held that a bankruptcy trustee holds the power to waive the corporation's attorney-client privilege over the objection of the debtor. Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 356 (1985). The Supreme Court intentionally did not extend its holding in Weintraub to individual debtors. 471 U.S. at 356-57.

Fifteen years after Weintraub, a court in the Northern District of Ohio examined the three approaches to a trustee's power to waive the attorney-client privilege of an individual debtor. Miller, 247 B.R. at 709. The three approaches to the trustee's power to waive the attorney-client privilege of an individual debtor are as follows: 1) the bankruptcy trustee as a matter of law succeeds to the attorney-client privilege; 2) the attorney-client privilege cannot be waived at all by the trustee on behalf of the debtor; and 3) the particular circumstances of the case must be examined to determine the extent of the trustee's power to waive the attorney-client privilege. Id.

Miller adopted the third approach, a case-by-case analysis, which examines the particular circumstances of the case to determine if the trustee has the power to waive the attorney-client privilege. Id. The case-by-case approach "balanc[es] the interests of a full and frank discussion in the attorney-client relationship and the harm to the debtor upon a disclosure with the trustee's duty to maximize the value of the debtor's estate and represent the interests of the estate." Id. at 710 (quoting Bazemore, 216 B.R. at 1023-24). This approach blends the argument that a trustee cannot waive the attorney-client privilege because of the potential for personal harm to the debtor and impediment of the attorney-client communication with the argument that a trustee can waive the attorney-client privilege if there is no adverse effect on the debtor. Miller, 247 B.R. at 710.

The court analogizes the approaches to three bowls of porridge. The first two approaches are at unyielding extremes, while the third balances rights based upon a particular inspection of the applicable facts. Accordingly, this court follows Miller and adopts the case-by-case approach to determine if a bankruptcy trustee may waive the individual debtor's attorney-client privilege and the specific extent to which it may be waived.

Defendants argue that when applying the Miller balancing approach, the Trustee should not have the power to waive the attorney-client privilege on behalf of the debtors. In support of this argument, Defendants cite their ongoing attorney-client relationship with the debtors and assert that they will be "unable to freely communicate" with the debtors or "fulfill their duties to zealously represent their clients as required by the Ohio Rules of Professional Conduct." Further, Defendants argue that granting the Trustee unlimited power to waive the privilege may result in the unnecessary disclosure of privileged information.

In arguing that the Miller balancing approach supports allowing him to waive the attorney-client privilege, the Trustee asserts that he does not seek to waive the privilege to harm the debtors. Rather, the debtors may benefit from the disclosure of the alleged privileged information. The Trustee argues that since the debtors lost their discharge, any

3

recovery that he obtains would help pay the debtors' nondischargeable debts. Further, much of the information sought relates to information included in the debtors' schedules and statement of financial affairs, which the Trustee asserts is neither confidential nor privileged pursuant to In re French, 162 B.R. 541, 547-48 (Bankr. D.S.D. 1994).

In rebuttal of the Trustee's arguments, Defendants assert that the Trustee "seeks to establish that the [debtors] fraudulently diverted and concealed assets from their bankruptcy estates" and that the Trustee's interests are not aligned with the debtors' interests. Further, Defendants argue that the Trustee cannot definitively argue that his action will not harm the debtors or prejudice their rights.

Applying the case-by-case approach to facts of the instant case, the court finds that the Trustee may waive the attorney-client privilege of the debtors as to the Defendants. The attorney-client relationship is one to be protected, but not at all costs. The Trustee's Complaint alleges a legal malpractice claim on behalf of the debtors' estate against the Defendants. The Defendants' argument would carry much more weight if the Trustee and the debtors were adversaries. See Miller, 247 B.R. at 710 (denying the trustee the power to waive the attorney-client privilege because the trustee and debtors are in an adversarial relationship). Here, the Trustee and debtors are not in an adversarial relationship. Further, the Trustee does not seek to use the information obtained directly against the debtors. In fact, if successful, the Trustee could recover monies on behalf of the estate that may benefit the debtors. See Bazemore, 216 B.R. at 1024 (allowing the trustee to waive attorney-client privilege on behalf of debtors when the trustee's aim is to augment the estate).

Further, while the Defendants' argument in support of the attorney-client privilege is an admirable position, the court recognizes that it is the Defendants that may gain from the Trustee being denied the power to waive the attorney-client privilege and, therefore, be unable to discover the information. It is not reasonable to deny the Trustee the ability to receive information from the Defendants that may benefit the debtors in the long run given the absence of factors against allowing the Trustee to waive the attorney-client privilege. Moreover, the specifics of transactions and the role of Defendants therein is central to the Trustee's case and his overriding duty to act on behalf of the estate.

For the foregoing reasons, the policies against allowing a trustee to waive attorney-client privilege do not exist in this matter and the court finds that the Trustee may waive the attorney-client privilege as to the Defendants.

Based on the foregoing, the court does not need to address whether the court's order dated February 19, 2010, finding that the debtors waived the attorney-client privilege as to the debtors' former law firm, also finds that the debtors waived the attorney-client privilege as to the Defendants in this proceeding.

## CONCLUSION

Accordingly, the court will enter an order contemporaneously with this memorandum of opinion granting the Trustee's motion to waive the attorney-client privilege and denying the Defendant's motion to determine that the Trustee cannot waive the attorney-client privilege.

# # #

**Service List:**

Mark A. Weintraub
3900 Key Center
127 Public Square
Cleveland, OH 44114

Anthony J. Degirolamo
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702

Audrey Bentz
Janik LLP
9200 S. Hills Boulevard
Suite 300
Cleveland, OH 44147