**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its**



Russ Kendig
United States Bankruptcy Judge

**Dated: 09:17 AM February 2, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| LAWRENCE WITTMER AND NIOMA WITTMER, | CASE NO. 08-61618 (Jointly Administered) |
| Debtors. | CONSOL. ADV. NO. 11-6007 |
| ANTHONY J. DEGIROLAMO, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | |
| DAILY & HASKINS, et al., | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| Defendants. | |

On November 30, 2011, the court issued an opinion and order finding that Plaintiff, the chapter 7 trustee, could waive Debtors' attorney-client privilege. On January 4, 2012, Defendants, Debtors' bankruptcy counsel, moved for an extension of the time to file leave to appeal that decision pursuant to Federal Rule of Bankruptcy Procedure 8002(c)(2).

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

1

## BACKGROUND

On October 17, 2011, Defendants moved for a determination of whether Debtors' attorney-client privilege could be waived by the bankruptcy trustee. Following briefing of the issue, the court ruled in Plaintiff's favor on November 30, 2011. Defendants now seek an extension of the deadline to obtain leave to appeal that decision.

The parties agree that the court's determination was interlocutory, requiring leave to appeal, which is governed by Federal Rules of Bankruptcy Procedure 8001(b) and 8003. Under Rule 8002, Defendants were provided fourteen days to file the notice of appeal and the motion for leave to appeal. Defendants did not meet this deadline.

The time to appeal a judgment or order can be extended pursuant to Rule 8002(c). In applicable part, Rule 8002(c)(2) states

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Defendant's motion to extend the time to appeal was not filed before the appeal deadline expired and there is no dispute that Defendants are now required to establish excusable neglect in order to obtain an extension.

## ANALYSIS

In this circuit, the Supreme Court's excusable neglect standard from Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993), applies to determining excusable neglect under Rule 8002(c)(2). Belfance v. Black River Petroleum (In re Hess), 209 B.R. 79 (6th Cir. 1997). Pioneer made it clear that there is no single articulation of what constitutes excusable neglect but, at its core, any excusable neglect inquiry is an equitable one based on the pertinent facts. Id. at 82 (citing Pioneer, 507 U.S. at 392 and 395).

To determine whether Defendants' untimeliness will be permitted as excusable neglect, the court must employ a two step analysis.

> First, the bankruptcy court must determine that the failure to timely file was the result of neglect. Second, the court must determine whether the neglect was excusable. 'The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or closer to the point for our purposes, to leave undone or unattended to *esp[ecially] through careless-ness*.' Pioneer, 507 U.S. at 388, 113 S.Ct. 1489 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis in original)).

Allied Domecq Retailing USA v. Schultz (In re Schultz), 254 B.R. 149, 153 (B.A.P. 6th Cir. 2000).

In reviewing Defendants' arguments supporting their motion to extend time to

appeal, the court is not convinced the situation involves neglect. Defendants claim that, since they are being sued for malpractice and their clients' privilege is at issue, they had to consult with their clients before appealing the decision. Additionally, they argue that attempts to resolve the matter without further court intervention were required, plus they had to conduct further research of their appellate case in order to avoid any possible Rule 11 sanctions. Rather than show neglect, these facts suggest just the opposite. Defendants were actively engaged in matters related to a potential appeal. It is difficult to coalesce their actions with the concept of neglect or carelessness.

Even if Defendants established neglect, the court would not find the neglect excusable. Whether an action is to be excused is driven by four facts: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (citing Pioneer, 507 U.S. at 395). The Sixth Circuit recognized that facts addressing the delay are often dominant in the analysis. In re Schultz, 254 B.R. at 153.

Putting the facts in context is vital to understanding the potential prejudice to the nonmovant as well as the length of the delay. The gateway to an appeal is narrow because of the short filing time period for action. Defendants had fourteen days to file an appeal or a motion to extend that time period to appeal, which they ignored. Instead, they chose to file a late motion for an extension to appeal, which was due no later than the twenty-first day after their fourteen day period expired. It is undisputed that they waited until the last day of that period to file the motion, effectively using every conceivable day available to them before acting.

While a thirty-five day delay may not be material in other situations, Defendants' late filing maximized the delay in this case. Obviously, any delay has a degree of prejudice because it impedes progress of a case. Here, the delay also caused Plaintiff to expend estate resources to counter the excusable neglect arguments in Defendants' Rule 8002(c)(2) motion.

The delay also has a particular impact on these proceedings because the underlying order was interlocutory, which adds an additional step to the process. An appellate court must initially determine whether to allow the interlocutory appeal. If leave to appeal is granted, then the case will proceed through the typical appeals process. Here, the delay has conceivably further lengthened the process. Additionally, because the issue involves the attorney-client privilege, even though the matter is interlocutory in nature, discovery is directly impacted.

The delay was fully in the control of Defendants. Defendants do not contend they did not have knowledge of this court's order in time to start the appeals process. According to Defendants, the delay resulted in the coordination and communication efforts among various parties, exacerbated by vacations and holidays. This argument is unavailing and like failures have been disapproved by courts. *See, e.g.*, In re Hess, 209 B.R. 79, 83 (stating that "as a safeguard for the appeal process, this motion [to extend] might be filed without consulting the client." (citations omitted); Whitaker v. Whitaker (In re Whitaker), 2005 WL 1386479 (B.A.P. 6th 2005) (unreported) (reaching similar outcome and citing Hess).

The fact that the delay was fully within the reasonable control of Defendants, and they failed to act, also speaks to a lack of good faith. Defendants consciously chose not to act through the original fourteen day period, then chose to rely on excusable neglect to cover their inaction. They are fully culpable for the decision to wait until the last minute to mount

3

an appeal. The failure to file a motion to extend time during the fourteen day appeal period is unexplained, which has also served as a foundation for denying similar relief. *See, e.g.*, In re Whitaker, 2005 WL 1386479; Crehan v. Ly (In re Ly), 2007 WL 2891321 (B.A.P. 6th Cir. 2007) (unpublished). Defendants' arguments also strike the court as incredible. In this electronic age, Defendants' claims about the difficulty in communicating with people is dubious. Further, Defendants were fully aware that a decision would be entered by the court and the decision could go in their favor or go against them. To argue that they were unprepared, and needed time to consider their next litigation move, is indicative of short-sightedness.

The court finds no "unique or extraordinary circumstances" supporting a finding of excusable neglect. In re Ly, 2007 WL 2891321, * 3 (citations omitted). Defendants have not established neglect or a valid excuse to cover any neglect that may exist. Defendants' motion to extend the time to file a notice of appeal will be denied.

A separate order will be issued immediately.

\#     \#     \#

**Service List:**

Mark A. Weintraub
James J. Henderson
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291

Audrey Bentz
Janik LLP
9200 S. Hills Boulevard
Suite 300
Cleveland, OH 44147

4

11-06007-rk    Doc 50    FILED 02/02/12    ENTERED 02/02/12 09:26:19    Page 4 of 4