**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its**



_Russ Kendig_
United States Bankruptcy Judge

Dated: 10:05 AM February 23, 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| LAWRENCE WITTMER, SR. and NIOMA WITTMER, et al., | CASE NO. 08-61618 |
| | JOINTLY ADMINISTERED |
| Debtors. | |
| | ADV. NO. 11-6007 |
| ANTHONY J. DEGIROLAMO, | |
| | JUDGE RUSS KENDIG |
| Plaintiff, | |
| | **MEMORANDUM OF OPINION** |
| v. | **(NOT FOR PUBLICATION)** |
| DAILY & HASKINS, et al., | |
| Defendants. | |

Now before the Court is Defendants' motion for extension of time to respond to plaintiff's discovery requests filed on January 26, 2012. The plaintiff ("Trustee") filed a response to Defendants' motion on February 9, 2012. Defendants did not file a reply.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

The Trustee filed this adversary proceeding alleging legal malpractice against the Defendants on the basis that the Defendants' legal services and advice to the debtors fell below the applicable standard of care. In order to proceed with the adversary proceeding, the Trustee sought to discover information from the Defendants which the Defendants asserted was subject to attorney-client privilege. As a means to obtain this information, the Trustee asserted that he holds the rights to the debtors' attorney-client privilege and waives such privilege. On October 17, 2011, Defendants filed a motion for determination of whether the Trustee can waive the attorney-client privilege of individual debtors. On November 30, 2011, the court entered a memorandum of opinion and order providing that the Trustee may waive the debtors' attorney-client privilege as to the Defendants in this adversary proceeding.

On January 4, 2012, Defendants filed a motion to extend time to appeal under Bankruptcy Rule 8002(c) and a Notice of Appeal of the court's memorandum of opinion and order of November 30, 2011. On February 2, 2012, the court entered an order denying the motion to extend time to appeal. Further, on February 2, 2012, the Clerk of Court entered a notification regarding an appeal to the district court, advising the district court of the Notice of Appeal and the denial of the motion to extend time to appeal. The district court entered the Notice of Appeal and assigned it case number 5:12cv262. The appeal is currently pending before the district court and on February 16, 2012, the Honorable John R. Adams entered an order requiring Defendants to show cause why the appeal should not be dismissed for lack of jurisdiction.

## FACTS

On December 8, 2011, Trustee served Requests for Admission, Requests for Production of Documents, and Interrogatories ("discovery requests") on defendant John A. Daily and, on or about December 23, 2011, Trustee served discovery requests on the other defendants. It is undisputed that Trustee granted Defendants' request to extend the deadline to respond to the discovery requests until January 27, 2012.

Defendants filed a motion to extend the time to respond to Trustee's discovery requests on January 26, 2012, seeking "an extension until two weeks subsequent to obtaining a ruling on the pending appeal." On February 9, 2012, Trustee filed a response to Defendants' motion asserting *inter alia* that the motion is Defendants' attempt to further delay the discovery process.

## LAW AND ARGUMENT

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, the responding party has 30 days after being served with discovery requests to respond with its answers unless the court orders a longer or shorter time period to respond to discovery requests. "The decision of whether to extend discovery is at the discretion of the court." Mason v. Myers (Martin Designs, Inc.), Case No. 08-60431, Adv. No. 10-6013 (Bankr. N.D. Ohio Nov. 10, 2010) (citing Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106 (6th Cir. 2001)). The court must consider whether the exercise of its discretion results in actual and substantial prejudice to the parties. Polec v. Nw. Airlines, Inc. (In re Air Crash Disaster), 86 F.3d 498, 516 (6th Cir. 1996) (citing In

re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (6th Cir. 1982)).

This adversary proceeding was filed on February 3, 2011 and, since that time, as Trustee notes, Defendants have filed many motions that have delayed the forward motion of the proceeding. Trustee argues that these motions were intended to delay the adversary proceeding and the discovery process. Further, Trustee argues that since he already granted one extension to Defendants, that another extension is not necessary. The court is not convinced.

The court does not believe that Trustee stands to be prejudiced by an extension of the discovery response deadline. Trustee makes no argument of how an extension will result in actual and substantial prejudice to him. Discovery was only served on Defendants in December 2011 and has not been ongoing for a protracted period of time. Further, there is no indication that the information sought by Trustee is timely or otherwise necessary to expedite. On the other hand, Defendants, as well as the debtors, could be prejudiced if forced to respond to the discovery requests before the district court has made a final determination on the appeal. Thus, the court finds that no actual or substantial prejudice to Trustee will result from an extension of the discovery response deadline and grants the Defendants an extension of time to respond.

The question arises of when Defendants shall answer the discovery requests. Defendants request "an extension until two weeks subsequent to obtaining a ruling on the pending appeal." Trustee notes that this is an ambiguous time period and the court agrees. Defendants' request for an extension can be interpreted to mean two weeks after this court's February 2, 2012 memorandum of opinion and order or two weeks after the district court enters a final order on the appeal. At the time that Defendants' motion was filed, the court had not issued its February 2, 2012 memorandum of opinion and order denying Defendants' motion to extend time to appeal and, thus, Defendants did not know the outcome of the motion. Given that Defendants did not withdraw the motion to extend discovery response deadline after this court's February 2, 2012 memorandum of opinion and order was issued, the court assumes that Defendants seek to extend the discovery response deadline until two weeks after the district court enters a final order on the appeal.

Accordingly, the court finds that Defendants shall have 14 days from the entry of a final order from the district court to respond to Trustee's discovery requests. Trustee is free to move to terminate the extension in the event of protracted delay. An order will be entered contemporaneously with this memorandum of opinion.

#     #     #

**Service List:**

Mark A. Weintraub
3900 Key Center
127 Public Square
Cleveland, OH 44114

Anthony J. Degirolamo
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.

Canton, OH 44702

Audrey Bentz
Janik LLP
9200 S. Hills Boulevard
Suite 300
Cleveland, OH 44147