**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:42 PM July 18, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| LAWRENCE WITTMER, SR. AND NIOMA WITTMER, et al., | CASE NO. 08-61618 |
| | ADV. NO. 11-6007 |
| Debtors. | |
| | JUDGE RUSS KENDIG |
| ANTHONY J. DEGIROLAMO, | |
| Plaintiff, | |
| v. | **MEMORANDUM OF OPINION** |
| | **(NOT FOR PUBLICATION)** |
| DAILY & HASKINS, et al., | |
| Defendants. | |

This adversary proceeding is a legal malpractice action brought by the chapter 7 trustee ("Trustee") against Debtors' bankruptcy counsel. Multiple motions are before the court.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). Additionally, the United States District Court for the Northern District of Ohio denied Defendants' motion to withdraw the reference on July 21, 2011. DeGirolamo v. Daily & Haskins, Case No. 5:11MC41 (N.D. Ohio July 21, 2011). In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## HISTORY/PROCEDURAL BACKGROUND

Between May 15, 2008 and June 9, 2008, Defendants filed three chapter 7 bankruptcy cases for five related individuals: Denise Wittmer (Case No. 08-61617), Lawrence Wittmer, Sr. and Nioma Wittmer (Case No. 08-61618), and Lawrence Wittmer, Jr. and Jennifer Wittmer (Case No. 08-61945). Following an investigation by Trustee, it became apparent that the Debtors' schedules did not accurately list all their business interests and that the petitions contained other deficiencies and/or misstatements. In early 2009, the United States Trustee filed an action objecting to the discharges of all the Wittmer Debtors. Those actions were resolved with an agreed order whereby the male Wittmer Debtors waived their discharges and discharges were to be granted to the female Wittmer debtors conditioned on their cooperation.

On February 3, 2011, Trustee filed a complaint against Defendants alleging Defendants committed legal malpractice in their bankruptcy representation of the Wittmer Debtors. Debtors were primarily represented by John A. Daily and Ken Alan Fickey in the bankruptcy cases. At that time, Mr. Daily and Mr. Fickey were employed with the firm Daily & Haskins.

Initially, this adversary proceeding moved forward through a series of motions, including a motion to withdraw the reference and a motion by Trustee to waive the attorney-client privilege. The former was denied in July 2011. In a November 2011 opinion, the court permitted Trustee to waive the attorney-client privilege. During this time period, the parties were informally conducting discovery. The court's first order related to discovery was entered on May 14, 2012 and provided the parties approximately seven and a half months to conclude discovery. Thereafter, the court extended the discovery deadline to January 31, 2013 and established a motion deadline of February 28, 2013. By joint agreement, the parties extended discovery to February 28, 2013. This date was nearly twenty-five months after the filing of the complaint. The motion filing deadline did not change.

In October 2012, Trustee moved for order allowing him to directly contact the Wittmer Debtors. The motion states that "Mr. Fickey and Mr. Daily made statements and allegations in their depositions which can only be verified or refuted by the Wittmer Debtors." (Expedited Mot., p. 4, ECF No. 74.) On November 1, 2012, the court granted Trustee's motion to directly contact the Wittmer Debtors. From his contact, Trustee obtained affidavits, including one from Lawrence Wittmer, Sr., Lawrence Wittmer, Jr., Denise Wittmer, and Ryan Tatum, an accountant with MJ Miller, the Wittmers' accounting firm. These were provided to Defendants shortly before the discovery period expired, between February 15, 2012 and February 20, 2012.

The deluge of motions that are pending began with Trustee's motion for summary judgment filed on February 28, 2013. Defendant filed a responsive pleading on March 18, 2013 that also purports to be a memorandum in support of its motion for summary judgment. Trustee's

2

11-06007-rk    Doc 111    FILED 07/18/13    ENTERED 07/18/13 15:45:04    Page 2 of 8

reply was filed on March 28, 2013.

On February 28, 2013, Defendants filed a motion to extend the discovery period, arguing that the recent Wittmer affidavits made it necessary for Defendants to now depose the Wittmers. The motion also seeks to extend the time for Defendants to file a motion for summary judgment. However, on the same day, Defendants also filed a one sentence motion for summary judgment. Defendants filed two more motions on February 28, 2013: a motion to extend time to file a memorandum in support of their motion for summary judgment and a motion to exceed the page limitation set forth in Local Bankruptcy Rule 9013. Trustee's omnibus response to Defendants' motions was filed on March 18, 2013. Defendants' reply was untimely filed on April 8, 2013.

On March 18, 2013, Defendants filed a motion to reopen discovery under Federal Rule of Civil Procedure 56(d), incorporated into bankruptcy practice by Bankruptcy Rule 7056. Trustee's response and Defendants' reply followed.

Finally, on March 28, 2013, Trustee filed a motion to strike Defendants' memorandum in support of their motion for summary judgment. A response and reply were filed. One of the issues raised is whether Defendants' *in pari delicto* defense is viable since it was not specifically pled as an affirmative defense. To the extent it was not, Defendants have buried a request to amend their answer to add the defense.

Based on the above, it appears that seven motions are pending:

1. Trustee's motion for summary judgment,
2. Defendants' motion to extend discovery and the dispositive motion deadline,
3. Defendants' motion for summary judgment,
4. Defendants' motion for additional time to file a memorandum in support of their summary judgment motion,
5. Defendants' motion to exceed the page limitation,
6. Defendants' motion to reopen discovery, and
7. Plaintiff's motion to strike Defendants' memorandum in support of their motion for summary judgment.

This memorandum of opinion decides the following motions:

1. Defendants' motion to extend discovery and the dispositive motion deadline,
2. Defendants' motion for additional time to file a memorandum in support of their summary judgment motion,
3. Defendants' motion to exceed the page limitation,
4. Defendants' motion to reopen discovery, and
5. Plaintiff's motion to strike Defendants' memorandum in support of their motion for summary judgment.

**DISCUSSION**

The driving issue is whether Defendants are entitled to additional time following Trustee's presentation of the Wittmer affidavits. The court's decision on that question will impel decision on many of the motions before the court. For this reason, the court will consider Defendants' motion to extend discovery and the motion deadline to file dispositive motions first.

I. **Motion of Defendants for Extension of Time to Conduct Certain Depositions and Submit Dispositive Motion ("Motion to Extend")**

Defendants claim that they need to depose the Wittmer affiants before they can file a motion for summary judgment because information in the Wittmer affidavits "amounts to new and material evidence insofar as they speak to information previously unknown to Defendants, and directly contrary to the testimony of Defendants." (Mot. to Extend, p. 5, ECF No. 90.) Defendants argue that the Wittmer affiants now contend that the loss of the male Wittmer Debtors' discharges are the result of Defendants' conduct. Apparently, Defendants didn't see this coming. They request an additional thirty days after the court grants the motion to complete the depositions and file a summary judgment motion.

Defendants' motion frames the request as a simple request to extend discovery governed by the court's discretion. The court disagrees and concludes that Trustee's pending motion for summary judgment makes this a question under Federal Rule of Civil Procedure 56(d). It appears that Defendants may have belatedly made the same determination because on March 18, 2013, Defendants filed a nearly identical motion, now titled a motion to reopen discovery, cited Rule 56(d), and provided an affidavit as required by the rule. Since the Motion to Extend discovery did not contain the required Rule 56(d) affidavit, it must fail.

Even if the Motion to Extend could stand independently from Rule 56(d), Defendants failed to convince the court they are entitled to the extension. As Defendants point out, the "conduct of discovery [is] committed to the sound discretion of the … court." Polec v. Northwest Airlines, Inc. (In re Air Crash Disaster), 86 F.3d 498, 516 (6th Cir. 1996). Rule 7016, which incorporates Federal Rule of Civil Procedure 16 into bankruptcy practice, requires "good cause" to modify a scheduling order. In reviewing decisions on denials of discovery extensions, appellate courts consider the following five factors: (1) when the movant learned of the issue that is the subject of the desired discovery; (2) the impact on the ruling below, (3) how long the discovery period lasted; (4) whether the movant was dilatory in pursuing discovery; and (5) whether the plaintiff was responsive to discovery requests. Gulley v. Cnty. of Oakland, 496 Fed.Appx. 603, 613 (6th Cir. 2012) (unpublished) (citing Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010)). A court's decision must not result in substantial prejudice. Doe v. Lexington-Fayette Urban Cnty. Gov't, 407 F.3d 755, 765 (6th Cir. 2005) (citing Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999)).

A cursory glance would seem that the first consideration, the timing, tends in favor of Defendants. There is no dispute that they received the Wittmer affidavits less than two weeks

4

before the expiration of the discovery period. But the court finds this to be a smokescreen because the information that was provided should not have blindsided Defendants. This is a legal malpractice action against Defendants. Debtors, Defendants' clients, are the people with the most relevant information. They were identified as such in Trustee's answers to interrogatories served by Trustee on June 11, 2012. (Pl.'s Omnibus Resp., Ex. 3, ECF No. 96-3.) Defendants knew, as early as October 2012, that Trustee wanted to contact Debtors. In an email dated January 23, 2013, Trustee advised Defendants he was likely to call the affiants as witnesses at trial. (Pl.'s Omnibus Resp. Ex. 1, ECF No. 96-1.) Thus, Defendants had specific knowledge that Debtors had information to support Trustee's malpractice claim weeks before the affidavits were exchanged. To now claim they are surprised by what the Wittmers are revealing is disingenuous. It also ignores the basic fact that Defendants and Debtors are pitted against one another in this matter. In general, statements in the affidavits follow two lines: (1) Debtors attempted to provide information and were not at fault for the omissions, (2) Debtors relied on the advice of counsel in preparing the schedules, and (3) the male Wittmer Debtors were never advised they may have a defense to the denial of their discharge. These statements line up to the allegations in the complaint.

Additionally, Defendants' opposition to Trustee's motion to contact the Wittmers clearly advanced the idea that Defendants preferred to have the contact occur by way of deposition, with its safeguards, and not through informal contact. However, Defendants did nothing to make this happen following entry of the court's order granting Trustee's motion. The court also notes that Defendants were aware that the Wittmers were not responsive to Defendants. When Defendants appealed the court's decision allowing Trustee to waive the attorney-client privilege, Debtors' unresponsiveness was cited in support of Defendants' claim of excusable neglect. Defendants cannot now say that they are surprised by Debtors' statements.

Informal discovery in this matter was underway in December 2011. (Def.'s Mot. for Extension of Time to Respond to Pl.'s Disc. Req., ECF No. 49.) The court issued a formal discovery order on May 16, 2012 providing an additional seven months for discovery. This period was extended an additional sixty days through two separate orders. Clearly, Defendants had ample time to inquire of Debtors. To now seek to do so indicates either folly, delay, or a result following an intentional strategic choice. It is possible that Defendants made a strategic choice not to depose the Wittmers for fear of what they would say. They chose, instead, to wait and see what the Wittmers would say, apparently unaware of the control the Trustee would have in timing the revelations. The choice not to open the box labeled "what will the Wittmers say" was strategic and the purpose of the rule is not to tilt the playing field to allow for changing strategic choices after the fact. It strains credulity to hear that Defendants in a legal malpractice case say they have not considered it necessary to seek to understand the position of the former client. Further, there is no indication that the problem is due to Plaintiff's unresponsiveness. In fact, Defendants admit that "Plaintiff turned the Wittmer Affidavits over shortly after receipt." (Mot. to Extend, p. 5, ECF No. 5.) These considerations do not favor Defendants.

Finally, the court cannot conclude actual or substantial prejudice will result. Defendants contend that Debtors' statements conflict with Defendants' statements. If true, this creates a

question of fact that would render summary judgment inappropriate. Consequently, Defendants will have an opportunity to cross-examine the Wittmers should this go to trial.

Even if the court was to review this on non-Rule 56(d) grounds, no good cause exists for the extension. The motion to extend discovery will be denied. The court will consider the motion to extend the dispositive motion deadline after reviewing the motion to reopen discovery.

## II. Defendants' Rule 7056 Motion to Reopen Discovery in Response to Trustee's Motion for Summary Judgment ("Motion to Reopen")

On March 18, 2013, Defendants filed a motion to reopen discovery under Rule 7056. They argue, under Rule 56(d), that they are entitled to additional discovery because they cannot present facts to justify their position. If true, the court has the option to (1) defer consideration of Trustee's motion for summary judgment, (2) permit additional discovery, or (3) enter any other appropriate order. Fed. R. Bankr. P. 7056. Defendants bear the burden to demonstrate their need for additional discovery and must provide an affidavit that specifically details the discovery needed and "what specific facts it hopes to discover that will raise an issue of material fact." Redhawk Global LLC v. World Projects. Int'l, 2012 WL 2018528 *3 (S.D. Ohio 2012) (unreported) (citing Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986)). Defendants did not satisfy this burden.

Defendants claim that they need to depose the affiants "to uncover material facts with regard to the sworn statements found in the Wittmer affidavits." (Motion to Reopen, p. 5, ECF No. 98.) Defendants go on to state that some of the statements made in the affidavits "are in direct conflict with the testimony of Daily and Fickey." (Id.) Defendants want to cross-examine affiants. However, this is not the standard governing a Rule 56(d) motion. Additional discovery is intended to provide the non-movant with a chance to develop a record to develop genuine issues of fact, thereby providing a foundation for denial of summary judgment. Based on Defendants' contentions, they already have what they need to do this. By Defendants' own admission, their testimony directly conflicts with the statements in the affidavits, creating questions of fact. Consequently, the court cannot see why additional discovery is needed to oppose the motion for summary judgment.

Further, Defendants' affidavit claims that "[t]he depositions of [Affiants] were not previously discovered because they had relocated out of state and Defendants had no reason to believe that their testimony would be necessary, particularly as the Wittmer affidavits present information contrary to prior testimony and information." (Aff. of Audrey K. Bentz ¶ 6, ECF No. 98-1.) Again, this statement indicates that Defendants have information to at least create an issue of fact and may have a foundation to impeach the affiants. Regardless, the court cannot find that additional discovery is necessary to properly oppose Trustee's motion for summary judgment. The court will deny the Motion to Reopen.

Coupled with their requests for additional discovery, Defendants sought an extension of time to file a motion for summary judgment. They argue they cannot adequately prepare a motion

6

for summary judgment without the additional information from the depositions of the Wittmers and their accountants, MJ Miller. As pointed out above, modifications of scheduling orders fall under Federal Rule of Bankruptcy Procedure 7016 and are governed by "good cause."

The court finds good cause lacking. As pointed out above, Defendants seem focused on countering statements made by Debtors in the affidavits. This creates factual issues which prevent entry of summary judgment in the first place. Second, Defendants did file a one sentence motion for summary judgment and also filed a request for an extension of time to file a memorandum in support of that motion, so Defendants have a motion for summary judgment pending. Consequently, Defendants have not provided any convincing argument to support an extension of the dispositive motion deadline. The court will consider the matters that are pending.

### III. Motion to Extend Time to File Memorandum in Support of Motion for Summary Judgment

On February 28, 2013, Defendants filed a single sentence motion for summary judgment and followed that filing with a motion to extend their time to file a memorandum in support. In essence, their motion for summary judgment was a placeholder in the event the court denied the motion to extend time to file a dispositive motion.

In spite of the fact that the court denied the motions related to discovery, the court does find good cause to grant the motion to extend the time to file a memorandum in support of summary judgment. Trustee furnished the Wittmer affidavits mere days before he filed his motion for summary judgment. Defendants timely filed the request for an extension and actually filed a memorandum in support on March 18, 2013, before the court ruled on the motion. The court will grant the motion and finds that the memorandum was due on the date it was filed, March 18, 2013.

### IV. Motion to Exceed Page Limitation

Defendants seek to exceed the twenty page limit set forth in Local Bankruptcy Rule 9013-2(a) when they file a combined memorandum in opposition to Trustee's motion and in support of their motion for summary judgment. The court previously granted Trustee's motion to exceed the page limitation for his motion for summary judgment. The court will similarly grant Defendants' motion to exceed the page limitation.

### V. Trustee's Motion to Strike Defendants' Memorandum in Support of Summary Judgment

On March 28, 2013, Trustee filed a motion to strike Defendants' Memorandum in Support of Summary Judgment. The document filed by Defendants is actually both a memorandum in opposition to Trustee's motion for summary judgment and a memorandum in support of Defendants motion for summary judgment. As a response to Trustee's motion for summary judgment, the pleading is untimely. A response was due on March 14, 2013 and the

memorandum was filed on March 18, 2013. As a memorandum in support of Defendants' motion for summary judgment, it will be considered timely as outlined in Part III, *supra*.

Trustee raises several arguments in support of his motion to strike. He points out that it was late. He contends that the memorandum raises issues that should have been raised in a Rule 12(b)(6) motion earlier in this proceeding. He also argues that there is nothing in this memorandum that could not have been filed with the motion for summary judgment by the summary judgment deadline because it does not rely on any new evidence.

There is no clear authority in the bankruptcy code or rules for Trustee's request to strike the memorandum. While Bankruptcy Rule 7012, through adoption of Federal Rule of Civil Procedure 12(f), speaks to motions to strike, it does not not cover this situation. *See* French v. U.S. (In re French), 242 B.R. 369 (Bankr. N.D. Ohio 1999). However, as Trustee and the French case point out, case law does support a court's authority to strike pleadings, in the exercise of its discretion.

Because the court granted Defendants' request to extend the time to file the memorandum, and set the date for its filing as March 18, 2013, Trustee's argument that it was late is of no avail. Further, as the court pointed out above, Defendants did receive discovery less than two weeks before the motion deadline, which could have altered Defendants' course. The court does not find the eighteen period to be prejudicial to Trustee, especially since he will have an opportunity to file a response. Lastly, the court will be considering the exact same arguments in the context of a response to Trustee's motion for summary judgment, so it would be counterproductive to ignore them as support of a motion for summary judgment. The motion to strike will be denied.

An order will be entered immediately.

#      #      #

**Service List:**

Robert C Folland
Barnes & Thornburg LLP
41 South High Street, Suite 3300
Columbus, OH 432

James J. Henderson
Mark. A. Weintraub
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291

Audrey Bentz
Janik LLP
9200 S. Hills Blvd.
Suite 300
Cleveland, OH   44147